UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HACKATHORN | ) | CASE NO. |
| 5312 South Avenue | ) | |
| Boardman, OH 44512 | ) | JUDGE |
| | ) | |
| *On behalf of himself and all others* | ) | **PLAINTIFF'S COLLECTIVE** |
| *similarly situated,* | ) | **ACTION COMPLAINT** |
| | ) | |
| Plaintiff, | ) | (Jury Demand Endorse Herein) |
| | ) | |
| *v.* | ) | |
| | ) | |
| MILLMAN SURVEYING, INC. | ) | |
| c/o Statutory Agent Deron Millman | ) | |
| 4111 Bradley Circle NW | ) | |
| Canton, OH 44718 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff William Hackathorn, by and through counsel, for his Collective Action

Complaint against Defendant Millman Surveying, Inc. (hereinafter referred to as "Defendant" or

"Millman Surveying"), states and alleges the following:

## INTRODUCTION

1.       Plaintiff brings this case to challenge the policies and practices of Defendant

Millman Surveying that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219,

as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective

action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability"

prescribed by the FLSA "may be maintained against any employer … by any one or more

employees for and in behalf of himself or themselves and other employees similarly situated"

(the "FLSA Collective").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.      At all times relevant, Plaintiff William Hackathorn was a citizen of the United States and a resident of Mahoning County, Ohio.

6.      Defendant Millman Surveying is an Ohio for-profit corporation with its principal place of business in Stark County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant's statutory agent for service of process is Deron Millman, 4111 Bradley Circle NW, Canton, OH 44718.

## FACTUAL ALLEGATIONS

### Defendant's Business

7.      Defendant Millman Surveying is a nationwide company engaged in the business of providing full-scale land services for commercial real estate and individuals. It executes multi-state transactions, high-volume multi-site transactions, and single-site projects. Defendant operates out of 4111 Bradley Circle NW, Suite 240, Canton, OH 44718.

2

8.      Defendant Millman Surveying utilizes "independent contractors" as Project Managers to prepare American Land Title Association ("ALTA")/National Society of Professional Surveyors ("NSPS") land title survey maps. These Project Managers work under a supervising employee land surveyor using computer drafting and coordinated geometry computer programs to draft and generate the ALTA/NSPS land title survey maps.

**Defendant's Status as Employer**

9.      At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. Chapter 4111, and employed non-exempt hourly employees, including Plaintiff.

10.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiff's and the FLSA Collective's
Non-Exempt Employment Statuses with Defendant**

13.     Plaintiff Hackathorn has been employed by Defendant from approximately June 2016 to the present as an "independent contractor" Project Manager.

14.     At all times relevant, Plaintiff and other members of the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

15.     At all times relevant, Plaintiff and other members of the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Millman Surveying's Misclassification of Project Managers
### as Independent Contractors

16.     Millman Surveying, in violation of the FLSA and Ohio law, classifies its Project Managers as so-called "independent contractors." Through this misclassification, Defendant knowingly, willfully, and deliberately fails to compensate Plaintiff and other members of the FLSA Collective overtime compensation at the rate of at least one and one-half times their regular rates for all hours worked in excess of forty (40) hours per workweek.

17.     In fact, Plaintiff and Defendant's other Project Managers are employees of Defendant according to the standards applicable under the FLSA and Ohio law and are entitled to overtime compensation.

18.     Defendant, through its employee signing land surveyors, controls the manner in which Project Managers perform their job duties.

19.     Project Managers do not exert control over any meaningful part of Defendant's business operations and do not stand as a separate economic entity from Defendant. Defendant exercises control over all aspects of the employment relationship.

20.     Defendant controls the work Project Managers perform, and the hours and schedule during which they perform that work.

21.     Pay is established unilaterally by Defendant; any opportunities Project Managers have to earn remuneration are unilaterally determined and controlled by Defendant.

22.     Defendant requires Plaintiff and other members of the FLSA collective to perform their duties under the guidelines, policies, and procedures set exclusively by Defendant. Project Managers are not permitted to negotiate prices with Millman or Millman's customers.

23.     Millman unilaterally determines the amounts its Project Managers are paid and unilaterally changes that amount from time to time.

4

24.     As a matter of economic reality, Defendant's Project Managers are economically dependent on Defendant.

25.     Project Managers work for Defendant and are not in business for themselves.

26.     Defendant's capital investments and expenditures substantially outweigh any expenditures required on the part of Plaintiff and other members of the FLSA Collective. For example, Defendant purchased Plaintiff's computer programs, computer, and two monitors.

27.     Millman's Project Managers perform work that is integral to Defendant's primary, regular business. Defendant is in the business of providing full-scale land services for commercial real estate and individuals. Millman's "primary purpose" is in fact to assist in providing these services to clients.

28.     Defendant has knowledge of hours worked and duties performed by Plaintiff and other members of the FLSA Collective, in part through time punches. Defendant's administrative personal would dock pay from Plaintiff and the FLSA Collective for missed days or hours.

29.     Project Managers play no role in drawing customers to Defendant's services.

30.     Defendant's opportunity for profits and risk of loss are much greater than Project Managers', if any.

31.     Defendant's Project Managers typically work full time for Defendant, and frequently work more than forty (40) hours per workweek. Plaintiff averaged approximately 50 hours or more per workweek.

32.     Project Managers typically hold their positions with Defendant for long periods of time.

33.     Project Managers are under the direct supervision and control of Defendant's supervising Land Surveyors.

34.     Defendant owns and controls the equipment, software and supplies that Project Managers are required to use to perform their work.

35.     Defendant Millman conducts initial interviews and intense vetting procedures for Project Managers and hires Project Managers at the sole discretion of Defendant.

36.     Among other things, as a result of the requirements imposed by Defendant, Project Managers are limited in their ability to work for other companies or operate independent businesses or it is impracticable to do so.

37.     Defendant Millman interviews, supervises, directs, disciplines, reprimands, schedules and performs other duties of an employer. Millman hires/fires Project Managers at will, and Project Manager's employments are not temporary nor have a fixed end-date. Millman performs functions associated with that of an employer with regard to an employee.

<u>**Defendant Millman's Failure to Pay**</u>
<u>**Overtime Compensation**</u>

38.     Plaintiff and members of the FLSA Collective frequently worked more than forty (40) hours in a single workweek.

39.     The FLSA required Defendant to pay Project Managers overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207.

40.     However, Defendant Millman, having unlawfully misclassified Plaintiff and members of the FLSA Collective as "independent contractors," failed to pay them overtime compensation.

41.     Defendant failed to pay Plaintiff and other members of the FLSA Collective overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty (40) hours in a workweek.

## The Willfulness of Defendant's Violations

42.     Defendant knew that Plaintiff and other members of the FLSA Collective were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

43.     The above practices and policies resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

46.     The FLSA Collective consists of:

All current and former Project Managers and other workers with similar job titles or positions who worked for Defendant during the period of three years preceding the commencement of this action to the present.

47.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) hours per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

7

48.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

49.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 10 persons. Such persons are readily identifiable through the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and regulations thereunder that have the force of law.

## COUNT ONE
### (FLSA Overtime Violations)

50.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

52.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

53.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

54.     Defendant did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

55.     By engaging in the above-described practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

56.     As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

57.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03 on behalf of himself and other members of the FLSA Collective.

59.     At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

60.     Defendant's failure to compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

61.     These violations of Ohio law injured Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them pursuant to that statute.

62.     Having injured Plaintiff and other members of the FLSA Collective, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court " under Ohio law. O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A.   Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.   Enter judgment against Defendant, and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C.   Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

D.   Award Plaintiff compensatory and punitive damages, his costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)